## FARRAR & AL. vs. M᷎CUTCHEON & AL.

APPEAL from the court of probates of the parish and city of New-Orleans.

MATHEWS, J. delivered the opinion of the court. The question, which is submitted to the court, in the present case, for solution, arises out of a supplemental petition of the plaintiffs, filed in a suit, which was commenced for the purpose of obtaining a final liquidation and partition of the estates of the late Richard Butler and his wife, amongst their respective heirs. It relates entirely to that part of the last will and testament of the said Richard, which disposes of the residue of his property (after va-

A devise to the mother for life, remainder to the children, in equal parts, to be held for the survivors, down to the last, in the event of death before marriage or without issue, is a substitution, which the law reprobates.

4ns 45
48  158
4ns 45
52  85

East'n. District.
*July* 1825.

FARRAR & &L.
*vs.*
M'CUTCHEON
& AL.

rious specific legacies) to his two sisters, Rebecca M·Cutchen, and Harriet Hook and their children. The sole object of the petitioners, according to the tenor of the supplemental petition, seems to be to obtain a decision on that clause of the will which gives to the children of the sisters of the testator, *i. e.* whether it be void, as containing a substitution prohibited by the Civil Code, according to the provisions of the 4th *chap.* 42, & *book* 3.

The judgment of the court below is against the right of the children, from which an appeal was taken by their *defensor* or *curator ad litem.*

This is the first instance, in which the courts of justice in this state have been required, in the course of judicial proceedings, to apply the law relating to substitutions to a particular case, according to the ordinary rules of construction or interpretation of dispositions made by testament.

The question, which now occurs to us for the first time, has, however. been considerably agitated in various tribunals of the kingdom of France, and we are aided by many decisions in cases depending on the 896th article of the Code Napoleon, which is similar to our own

East'n. District.
*July* 1825.

FARRAR & AL.
*vs.*
M'CUTCHEON
& AL.

code, on the subject of substitutions and *fidei commissa.* It is true, that from a hasty view of these discussions, they seem to be somewhat contradictory in themselves, but on a closer inspection and more minute investigation, they are capable of being pretty well reconciled. From them and commentaries on the French code, several axioms or general principles are deducible, which we believe to be correct.— 1st. The dispositions of testaments ought not to be annulled, until they necessarily present a substitution.   2d. If the claim be susceptible of two interpretations, it ought to be interpreted in that way, which avoids a substitution and gives effect to the will.   3d. Whenever the disposition is made in such terms as necessarily to comprehend a charge to keep for and transmit to a third person, it contains a substitution, although not literally expressed.   5 *Toulier,*   58 & 69.

It may also be safely admitted as true, that in every substitution or fidei-commission, the agency of three persons is required, viz., the donor or testator, the person who receives the donation to hold and enjoy for a certain time, and the one to whom he is bonnd to transmit it. See *Pandectes Françaises, vol.* 4, *p.* 21, a quotation from *Merlin quest. de droit.*

FARRAR & AL.
*vs.*
M'CUTCHEON
& AL.

The clauses, in the will now under discussion, which the plaintiff insists, do necessarily imply a substitution, are expressed in the following terms. After various legacies ordained by the testament, as above stated in general terms; the testator proceeds, "item, I give and bequeath all the rest, residue and remainder of my estate, property and effects, to my sisters Rebecca M'Cutcheon, and Harriett Hook, to have and to hold the same, equally to be divided between them, for and during their natural lives. Item, upon the death of the said Rebecca M'Cutcheon and the said Harriett Hook, or either of them, I do give, devise and bequeath, the share or shares, which the said decedent or decedents shall have possessed as aforesaid, or which by the last above devise and bequest, I intended, she or they should possess, to the child or the children of the said Rebecca M'Cutcheon and Harriett Hook, or either of them, to be equally divided between the said children; and in case of the death of either of the said children, previous to marriage or death without issue, then his or her share to be equally divided among the surviving children as aforesaid, and in case only one child as aforesaid should survive, then the share or

shares above last mentioned, and the estate and property aforesaid shall vest and remain in the said child and his or her heirs aforesaid.

East'n. District.
July 1825.

FARRAR & AL.
vs.
M'CUTCHEON
& AL.

The counsel for the plaintiffs contends that, according to a just and legal interpretation of these dispositions of the testament, they present two substitutions. 1. The donation to the sisters of the testator, to hold the property during their lives, and transmit it to the children. 2. The right of survivorship, created amongst said children. From these positions the nullity of both clauses (is said) to be necessarily induced. As to the first of these alleged nullities, it is believed, not to be put in issue by the pleadings of the case, and is perhaps such, supposing it to exist, as could only be taken advantage of by the legal, forced heirs of the testator. The same thing might be said of the latter substitution, except for an alleged compromise or transaction, which is said to have taken place between the heirs of the testator and those of his wife, both instituted, and forced or legal. In the consideration of that allegation we proceed to examine the donation to the children; and we commence by stating that, in our opinion, the clause of the will, under which they take, does necessarily contain a substitution.

East'n. District.
*July* 1825.

FARRAR & AL.
*vs.*
M'CUTCHEON
& AL.

In opposition to this opinion, which is the same that was held by court of probates, it is contended, that a donation or legacy to several persons, with the right of survivorship, does not *ipso facto* present a substitution. This may be true, where an entire thing is given to many; and its truth is well supported by several of the cases cited from the French authors on the subject of substitutions. See 5 *Toulier, p.* 60, *n.* 46.

But this is only true, when an entire thing is left to several persons, who hold it undivided. When, by the disposition of the will, it is evident that the legacy left to many is bequeathed in separate and distinct portions, with a right of survivorship, a substitution takes place *ex necessitate rei.* See the same authority, *p.* 67, *n.* 49.

Now, in the present case, the devise to the children,of the property,which had been given to their mother, for life, is in equal parts, to be held for the survivors, down to the last, in the event of death before marriage and without issue. In relation, therefore, to them, we have no doubt of the existence of a substitution, such as reprobated by the code. We have pronounced, on this case, without having enquired very particularly whether the children of Mrs.

M'Cutcheon & Mrs. Hook, have been properly represented in the cause. It is however, a matter of no great moment; for, if they are not before the court, according to the forms and solemnities of law, the present judgment will not affect any claim, which they may hereafter make, relative to the matters now in dispute.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed, &c., and it is further ordered, that the costs of this appeal be borne by the estates of R. Buller and his wife, in equal portions, &c.

*Dennis* for the plaintiffs, *Watts and Lobdell* for the defendants.